IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND<br>CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:19-cv-68-TFM-B |
| | ) | |
| JIMMIE HARDY, as Personal | ) | |
| Representative of the Estate of Theoore | ) | |
| Hardy, deceased, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are: (1) a motion to dismiss filed by Defendant J.S. Wallace Trucking, Inc. ("Wallace") (Doc. 15, filed April 12, 2019), (2) a motion to dismiss filed by Defendants Erosion Management, LLC ("Erosion Management") and the Estate of Robert Samuel Dunkin ("Dunkin") (Doc. 17, filed April 20, 2019), and (3) a joinder in his co-defendants' motions to dismiss filed by Defendant Jimmie Hardy, as personal representative of the Estate of Theodore Hardy ("Hardy") (Doc. 18, filed April 22, 2019).  The Plaintiff, State Farm Fire and Casualty Company ("State Farm" or "Plaintiff") filed a combined response to the motions (Doc. 22, filed May 6, 2019).  The defendants timely filed their various replies on May 13, 2019 (Docs. 25-28).[1] Accordingly, the motions are fully submitted and ripe for review.  After a careful review of the motions, responses, replies, the pleadings and other documents, and the relevant case law, the Court **GRANTS** the motions to dismiss for the reasons articulated below.

---

[1] Wallace filed a reply, followed by an amended reply, both on May 13, 2019.  Docs. 25, 28.  Thus, the Court construes the amended reply as the operative document.

## I.   PARTIES AND JURISDICTION

State Farm brings this action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The federal Declaratory Judgment Act does not provide an independent basis for this Court's subject matter jurisdiction.  *See Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) ("If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action.") (internal quotations omitted).  Accordingly, State Farm brings this suit pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.

A federal court has diversity jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  In a declaratory judgment action, the amount in controversy is "the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted."  *First Mercury Ins. Co. v. Excellent Computing Distrib., Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016) (internal quotation marks omitted) (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1316 (11th Cir. 2014)).  In other words, when parties seek a judgment declaring whether an insurer is liable under a policy, the value of the declaratory relief is the amount of *potential* liability.  *Id*. (citing *Stonewall Ins. Co. v. Lopez,* 544 F.2d 198, 199 (5th Cir. 1976)).[2]

Here, State Farm asserts that it is an Illinois corporation with its principal place of business in Illinois.  Defendant Jimmie Hardy is an Alabama resident and personal representative of the

---

[2] The Eleventh Circuit adopted the decisions of the Fifth Circuit issued prior to September 30, 1981, as binding precedent.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Estate of Theodore Hardy, the deceased, who also was an Alabama resident before his death.

Wallace is an Alabama corporation with its principal place of business in Alabama, and Erosion

Management is an Alabama limited liability company with its principal place of business in

Alabama. Moreover, Erosion Management's sole member, Robert Samuel Dunkin, was an

Alabama resident before his death. Heather Marie Desmond, the personal representative of

Dunkin's estate, also is an Alabama resident. Thus, the parties are diverse.

Additionally, State Farm asserts that the insurance policy in question has a liability limit

of $1,000,000. Given the fact that the underlying lawsuit involves a claim of wrongful death and

the liability limit is $1,000,000, the Court finds that the amount in controversy exceeds the $75,000

threshold for diversity jurisdiction.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In this declaratory judgment action, State Farm asks the Court to declare the rights and

legal relations between the parties with respect to the liability coverage of an automobile insurance

policy issued by State Farm to Wallace Trucking. Specifically, State Farm seeks a declaration

regarding (1) whether it has a duty under the policy to defend and indemnify Wallace Trucking

and/or Erosion Management in an underlying wrongful death lawsuit pending in Alabama state

court, *Jimmie Hardy v. J.S. Wallace Trucking, Inc.*, Civ. Act. No. 27-CV-2015-900330 (27th Jud.

Cir. Ala.) ("Hardy case"); and (2) whether Dunkin has a claim under the State Farm policy for

medical payments and uninsured motor vehicle coverage, as alleged in a separate state court

lawsuit, *Estate of Samuel Dunkin v. State Farm Casualty Co.*, Civ. Act. No. 27-CV-2019-900110

(27th Jud. Cir. Ala.) ("separate state court action"). Doc. 4.

The underlying state court litigation involves a 2015 motor vehicle collision that caused

the deaths of Theodore Hardy and Robert Samuel Dunkin. Hardy's estate brought a wrongful

death suit in Dallas County Circuit Court against both Wallace Trucking and Erosion Management, asserting that Dunkin was negligently and wantonly operating a vehicle owned by Wallace Trucking when the collision occurred, and that both Wallace Trucking and Erosion Management are vicariously liable by way of respondeat superior.  According to the parties' most recent filings, the Hardy case remains pending.

According to the filings, State Farm has been defending Wallace and Erosion Management in the state court suit under a full reservation of rights.  State Farm filed its complaint for declaratory judgment in this Court on February 19, 2019, naming Hardy, Wallace Trucking, and Erosion Management as defendants.  Doc. 1.  State Farm amended its complaint on March 1, 2019, to add Dunkin as a defendant.  Doc. 4.  Subsequently, on April 9, 2019, Wallace Trucking filed its Third-Party Complaint/Complaint for Declaratory Judgment against State Farm in the Hardy case, seeking (1) a declaration that State Farm has a duty to defend and indemnify Wallace Trucking in the suit and (2) damages for breach of contract and bad faith.  Doc. 17-4.  On April 12, 2019, Erosion Management and Dunkin's estate filed their separate state court action, seeking declaratory judgment that Dunkin is entitled to recover from State Farm both uninsured motorist benefits, and the payment of defense costs and indemnification of Erosion Management.  Doc. 17-5.  The amended state court complaint also seeks damages for breach of contract and fraud and payment of uninsured motorist benefits.  *Id.*

In its motion to dismiss, Wallace argues that this Court should dismiss the declaratory action brought here pursuant to the *Brillhart/Wilton* doctrine[3] because parallel proceedings are pending in state court and the factors set out by the Eleventh Circuit in *Ameritas Variable Life*

---

[3] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

*Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) ("*Ameritas*"), weigh in favor of abstention.

Specifically, Wallace argues that the state has a strong interest in resolving the controversy because it is a matter of state law involving insurance coverage of an Alabama business for a car accident that occurred in Alabama and injured an Alabama citizen, that a complete resolution of the controversy can be reached only in state court, and that maintaining the action here would only increase friction between the state and federal courts.  Wallace asserts that the underlying state court action lacks diversity jurisdiction and thus is not removable to federal court, rendering the instant action an exercise in procedural fencing.  It asserts that the state court is better positioned to evaluate the factual issues underlying these declaratory judgment claims, and judgment here could result in piecemeal litigation.  Wallace argues that the state court could more efficiently decide all of the issues without federal interference.

Wallace also argues that dismissal, not a stay, is the appropriate action in this case because there is no reasonable risk that a time bar would deter State Farm from filing this declaratory judgment action should the state court fail to resolve the matter, and a stay would promote forum shopping and piecemeal litigation by creating an incentive to thwart resolution of a third-party complaint for declaratory relief in state court in order to lift the stay and litigate in federal court.

Wallace attaches to its motion two documents from the underlying action in Dallas County Circuit Court: (1) the First Amended Complaint filed by Hardy on August 4, 2016, and (2) the Third-Party Complaint/Complaint for Declaratory Judgment filed by Wallace on April 9, 2019. Doc. 15 at 15-23.

In their separate motion to dismiss, Dunkin and Erosion Management join in the arguments raised by Wallace under *Brillhart/Wilton*.  Doc. 17.  They note that State Farm had been defending Wallace and Erosion Management in the underlying state court action for three years before filing

the instant case, and that State Farm's filing in federal court constitutes a "race to the courthouse" and forum shopping.  They argue that the state court has been handling the underlying action for several years, the action involves only "garden variety Alabama tort law," with no diverse parties or federal questions, and maintaining the declaratory judgment action in state court would prevent disparate rulings by the state and federal courts.

Dunkin and Erosion Management attach to their motion (1) the initial complaint filed by Hardy against Wallace in Dallas County Circuit Court on December 3, 2015; (2) an affidavit by Mike Comer, counsel for Dunkin and Erosion Management, stating that he notified State Farm on February 19, 2019, of Dunkin's claim for uninsured motorist benefits, that he mailed written notification of such on February 20, 2019, and that State Farm filed its declaratory judgment action against his clients on February 19, 2019, partly in relation to the uninsured motorist claim; (3) the February 20, 2019 letter; (4) the Third-Party Complaint/Complaint for Declaratory Judgment filed by Wallace against State Farm on April 9, 2019 in Dallas County Circuit Court; and (5) the Amended Complaint filed by Dunkin and Erosion Management against State Farm in the separate state court case on April 12, 2019.  Docs. 17-1 to 17-5.

Defendant Hardy, in his motion to dismiss, adopts the arguments of all other defendants. Doc. 18.

In its response, State Farm argues, first, that the state court litigation is not sufficiently "parallel" to the instant case to warrant dismissal here.  Doc. 22.  It asserts that it is unnecessary to resolve the factual issues at issue in Hardy's underlying state court complaint in order to determine liability in this case, noting that State Farm was not a defendant in the Hardy case.  It also asserts that there are now two separate actions against State Farm pending in state court, which could result in inconsistent judgments.

State Farm argues that the *Ameritas* factors favor denial of the motions to dismiss. Specifically, it asserts that the state has no interest in having these issues decided in state court, and that Alabama's abatement statute, Ala. Code § 6-5-440, compels dismissal of a second action where a separate action already is pending. State Farm also asserts that the state courts do not permit a defendant to file and maintain a state court action asserting claims that are compulsory counterclaims in a pending federal suit, citing a state court case, *Ex parte Nautilus Insurance Co.*, 260 So. 3d 823 (Ala. 2018). State Farm argues that judgment in this case will settle the controversy as to insurance coverage in a single action and would serve a useful purpose in clarifying the legal relations at issue, noting that judgment as to State Farm's duties to defend and indemnify the parties would benefit the parties in settlement decisions.

State Farm argues that it did not race to the courthouse in an effort at procedural fencing, noting that it waited several years to file suit here. State Farm asserts that the Southern District of Alabama is a proper forum for the lawsuit because the defendants reside in Alabama, at least part of the property at issue is located here, the accident occurred here, and the case involves Alabama substantive law. State Farm argues that Alabama law favors resolution of the issues here, noting that there are motions to dismiss pending against the declaratory judgment actions brought in state court. State Farm asserts that the state court, not the federal court, would be responsible for encroaching if it denies its pending motions to dismiss. State Farm asserts that the state court is in no better position to determine and could provide no more effective remedy to the questions raised here. It argues that the fact that Alabama law governs this case does not justify this Court's refusal to hear it, and dismissal would violate the first-filed rule and the principle of giving deference to a plaintiff's choice of forum. Finally, State Farm asserts that it filed suit in federal court, in part, to avoid "state-court bias" against an out-of-state defendant. *Id*. at 18.

The defendants replied, taking issue, *inter alia*, with State Farm's assertion that the litigation here is not parallel to the state court actions, noting that this action seeks the same relief and involves substantially the same parties.  The parties assert that Hardy would not have standing to assert a declaratory judgment action as a non-insured, and Alabama law prevents a plaintiff from filing a declaratory judgment action against a defendant's liability carrier prior to judgment.  They also argue that a stay would be an inappropriate alternative to dismissal.

### III.   STANDARD OF REVIEW

The federal Declaratory Judgment Act confers on federal courts the discretion to "declare the rights and other legal relations of any interested party" in a "case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).  The Supreme Court has made clear that, although the Declaratory Judgment Act is an "enabling Act" conferring a "unique and substantial discretion" on courts, it does not bestow an "absolute right upon the litigant."  *Wilton*, 515 U.S at 286-87, 115 S. Ct. at 2142-43.  In other words, it "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."  *Ameritas*, 411 F.3d at 1330 (citing *Brillhart*, 316 U.S. at 494, 62 S. Ct. at 1175).  Indeed, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* (citation and internal quotations omitted).  "The Supreme Court has warned that [g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.  This warning should be heeded."  *Id*. (citation and internal quotation marks omitted).

"[W]here there is a parallel state proceeding, an alternative form of relief, or other adequate remedy, a court, in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is

better or more effective." *James River Ins. Co. v. Ultratec Special Effects, Inc.*, Civ. Act. No. 5:16-cv-949-AKK, 2017 WL 2652985 at *1, 2017 U.S. Dist. LEXIS 94320 at *4 (N.D. Ala. June 20, 2017) (internal quotations omitted) (quoting *Angora Enters., Inc. v. Condominium Ass'n of Lakewide Vill., Inc.*, 796 F.2d 384, 387-88 (11th Cir. 1986)).  "The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Atl. Cas. Ins. Co. v. GMC Concrete Co.*, Civ. Act. No. 07-0563-WS-B, 2007 WL 4335499 at *2, 2007 U.S. Dist. LEXIS 90428 at *8 (S.D. Ala. Dec. 7, 2007) (quoting *State Auto Ins. Cos. v. Summy,* 234 F.3d 131, 136 (3rd Cir. 2000)).

In *Ameritas*, the Eleventh Circuit provided the following list of non-exhaustive factors to aid the federal courts in determining whether to exercise discretionary jurisdiction over a declaratory judgment action where there is parallel state court litigation:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.  The Eleventh Circuit emphasized that the list is "neither absolute, nor is any one factor controlling." *Id*.  Rather, the factors are "merely guideposts in furtherance of the

Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.* Where the *Brillhart-Wilton* abstention doctrine does not apply, "courts should exercise their discretion to hear declaratory judgments liberally in favor of granting [declaratory] relief in order to accomplish the purposes of the Declaratory Judgment Act." *Title Pro Closings, LLC v. Tudor Ins. Co.*, 840 F. Supp. 2d 1299, 1305 (M.D. Ala. 2012) (internal quotations omitted).

## IV.   DISCUSSION AND ANALYSIS

As an initial matter, State Farm argues that the declaratory judgment actions filed in state court are not "parallel" to the action filed here, and thus, dismissal is improper. The Court disagrees. State court litigation is parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum." *James River Ins. Co.*, 2017 WL 2652985 at *1, 2017 U.S. Dist. LEXIS 94320 at *4 (citation and internal quotations omitted); *see also Assurance Co. of Am. v. Legendary Home Builders, Inc.*, 305 F. Supp. 2d 1272, 1276 (S.D. Ala. 2004) (internal quotations omitted) ("It is not necessary that the parties or issues in each case be identical in order for a district court to decline jurisdiction in favor of a state tribunal. [T]he relevant determination is not whether the state court litigation involves the identical issues *in form* as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court.").

In its amended complaint, State Farm brings suit against Hardy, Wallace, Erosion Management, and Dunkin, seeking a declaration from the Court of its legal obligations to defend and indemnify Wallace and Erosion Management in the underlying state court litigation, and a declaration as to its legal obligations to Dunkin with respect to his estate's claim for uninsured motor vehicle coverage and medical payments coverage. Wallace's Third-Party Complaint/Complaint for Declaratory Judgment, filed in the Hardy case, seeks declaratory

judgment as to State Farm's duty to defend and indemnify Wallace as well as other claims.  Doc.
17-4.  The amended complaint filed separately[4] by Erosion Management and Dunkin seeks
declaratory judgment as to State Farm's duties to defend and indemnify Erosion Management and
Dunkin's right to recover uninsured motorist benefits, among other claims.  In other words, the
state court pleadings raise the same issues raised here and involve the same parties.

That Hardy is not a plaintiff or third-party plaintiff in the state court declaratory judgment
actions is inconsequential.  First, it is not necessary that the parties and issues be precisely the
same, only that they be substantially so—indeed, the Eleventh Circuit has said that the Court's
discretionary authority may be exercised even where state and federal actions are not parallel.  *See*
*First Mercury Inurance. Co.,* 648 F. App'x at 866 ("[N]othing in the Declaratory Judgment Act
suggests that a district court's discretionary authority exists only when a pending state proceeding
shares substantially the same parties and issues.  Rather, the district court must weigh all relevant
factors in this case, even though the state and federal actions were not parallel.").  Moreover, the
state court litigation was initiated by Hardy, and Hardy does not claim to be covered under the
State Farm policy at issue.  The litigation here involves substantially the same parties litigating
these and other related issues in state court.  The fact that the state court pleadings raise additional
claims not presented here merely adds a point in favor of dismissal, since resolving the issues in
this case would not fully resolve the issues below and would result necessarily in piecemeal
litigation.

As to the other *Ameritas* factors, the state's interest in these issues is considerable: the
claims are all premised on state law and concern a fatal automobile accident involving Alabama

---

[4] In the amended complaint the parties reserve the right to seek consolidation of their case with the
*Hardy* litigation.

citizens on an Alabama road.  There is no federal or statutory law compelling this Court to decide

the issues.  By contrast, there is a close nexus between the underlying facts of this case and the

state's laws and public policies.  Although this federal declaratory judgment action could serve to

clarify at least some of State Farm's legal obligations in the state court litigation, such action would

not settle the controversy below.

Moreover, contrary to State Farm's argument, a determination of the legal obligations here

may well require factual findings that would best be made by the trial court that has been handling

the underlying litigation for several years, and thus, is already well versed in the events.  The

parties have raised questions about the ownership of the covered vehicle at the time of the accident

and about Dunkin's employment status—issues requiring factual determinations that are

intertwined with the facts of the underlying litigation.  The issues raised here and the claims in the

underlying lawsuit are sufficiently related that it would be more efficient and effective to have

them determined together.  Doing otherwise would result in piecemeal litigation and runs the risk

of inconsistent results.  Although State Farm notes that there is a possibility of inconsistent results

within the state court because the litigation involves two separate cases, that may be remedied

within the state court by consolidation and is outside this Court's purview.  Indeed, entertaining

the declaratory judgment actions here would not reduce the number of lawsuits pending in state

court because both lawsuits are broader than the declaratory judgment action brought here.

The Court also notes that the indemnification claims raised here are premature, because the

underlying state court litigation remains pending.  "[T]he duty to indemnify is not ripe for

adjudication until the insured is in fact held liable in the underlying suit." *Allstate Indem. Co. v.*

*Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997) (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d

689, 693 (7th Cir. 1995)); *see also James River Ins. Co.*, 2014 WL 12597337 at *1, 2014 U.S.

Dist. LEXIS 195228 at *2; *St. Paul Fire and Marine Ins. Co.*, 2012 WL 3637690 at *5, 2012 U.S. Dist. LEXIS 118916 at *14.  Staying a final determination on indemnification pending resolution of the underlying case in state court would further fragment the litigation and would diminish the usefulness of this suit in clarifying the parties' legal obligations prior to a final judgment below.

State Farm asserts that filing this declaratory judgment action three years into the state-court litigation is evidence that this action is not an effort at procedural fencing, because the defendants in this case could have sought declaratory judgment at any time.  However, State Farm's argument can cut both ways—State Farm had been defending Wallace in the underlying litigation under a reservation of rights but waited three years to seek clarification of its legal obligations.  Moreover, the underlying lawsuit is not removable to federal court because the parties in the *Hardy* case lack diversity; thus, State Farm's decision to bring suit here suggests an attempt at procedural fencing—i.e., bringing a controversy into federal court that otherwise would not be removable.

State Farm also argues that this federal declaratory judgment action should take precedence because it was the first filed.  However, the fact that "the action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment."  *Triple S. Ref. Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007); *see also Allstate Indem. Co. v. Harland*, Civ. Act. No. 2:09-cv-1315-TMP, 2009 WL 10703059 at *3 n.1, 2009 U.S. Dist. LEXIS 141579 at *7 n.1 (N.D. Ala. Dec. 21, 2009) ("It does not matter that the state action was filed after the federal declaratory judgment action and in anticipation of filing a motion to dismiss the federal action.").

Finally, litigating this case here certainly could increase friction between the state and federal courts by allowing the possibility of divergent judgments on issues of state law for the

reasons already discussed. Although State Farm argues that Alabama's abatement statute compels

dismissal of the declaratory judgment actions in state court because the same issues are pending

here, that argument is not relevant to this Court. Nevertheless, the argument is premised entirely

on the pendency of the issues here.[5] Thus, dismissal here presumably would nullify application of

the statute. In any event, the parties have not suggested that dismissal here would present any kind

of time bar to refiling. Therefore, even if the state court were to decline to rule on the declaratory

judgment actions filed there, the parties could reassert the claims here later.

## V.   CONCLUSION

Based on the foregoing, the Court finds that the *Ameritas* factors clearly weigh in favor of

dismissal. Accordingly, defendants' motions to dismiss (Docs. 15, 17, 18) are **GRANTED**. The

claims brought by State Farm are **DISMISSED WITHOUT PREJUDICE**. Final judgment will

issue separately.

**DONE and ORDERED** this 6th day of February 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[5] State Farm filed a Notice Regarding Status of State Court Actions on August 6, 2019, indicating that it had filed motions to dismiss Wallace's Third-Party Complaint/Complaint for Declaratory Judgment in the Hardy case and the separate action filed by Dunkin and Erosion Management based on Alabama's abatement statute. (Doc. 32). The filing indicated the motions remained pending. No additional notification has been filed.