IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JIMMIE HARDY, as Personal )<br>Representative of the Estate of Theodore )<br>Hardy, deceased, et al. )<br>)<br>Defendants. ) | CASE NO. 2:19-cv-68-TFM-B |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is a Motion Reconsideration (Doc. 35, filed 3/6/20) filed by the plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), asking the Court to reconsider its Memorandum Opinion and Order (Doc. 33) granting motions to dismiss filed by the defendants J.S. Wallace Trucking, Inc., Erosion Management, LLC, the Estate of Robert Samuel Dunkin, and Jimmie Hardy, as personal representative of the Estate of Theodore Hardy (collectively, "Defendants"), and the Judgment (Doc. 34) dismissing this case. Defendants have responded (Docs. 37, 38, 39). Thus, the motion is ripe for review. After a careful review, the Court **DENIES** the motion for reconsideration.

### I.   PROCEDURAL BACKGROUND

The Court gave a detailed recitation of the facts and procedural background in this case in its prior Memorandum Opinion. *See* Doc. 33. The parties have not taken issue with the Court's recitation. Thus, it will not be reiterated here.

## II. STANDARD OF REVIEW

A party moving the court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e)[1] faces an extremely heavy burden. *Scharff v. Wyeth*, Civ. Act. No. 2:10-cv-220-WKW, 2012 WL 3149248 at *1, 2012 U.S. Dist. LEXIS 106868 at *4-5 (M.D. Ala. Aug. 1, 2012). "While, as a rule, parties are not entitled to 'two bites at the apple,' there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239). A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Instead, the movant must demonstrate that one of three grounds for the motion exists: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Scharff*, 2012 WL 3149248 at *1, 2012 U.S. Dist. LEXIS 106868 at *4-5 (quoting *Saenzpardo v. United Framing Constr. Co.*, Civ. Act. No. 10-cv-49, 2011 WL 5155094, at *1, 2011 U.S. Dist. LEXIS 129039, at *2 (S.D. Ala. Oct. 31, 2011)).

## III. DISCUSSION AND ANALYSIS

Plaintiff seeks reconsideration on two grounds: (1) Plaintiff asks the Court to consider additional evidence regarding the pendency of the related state-court cases, and (2) Plaintiff argues that the Court's notation in its memorandum opinion regarding the relevance of Alabama's

---

[1] The Court notes that Plaintiff raises its Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) and/or 60(b). The Court finds that Rule 59(e) is the appropriate vehicle as Plaintiff seeks reconsideration of the judgment within the time frame contemplated by Rule 59(e). *See* FED. R. CIV. P. 59(e), 60(b). Nevertheless, the Court denies the motion for reconsideration under either rule for the reasons stated herein.

abatement statute is inconsistent with principles of federalism and comity underlying the *Ameritas*[2] analysis. The Court finds that Plaintiff does not meet its burden for raising a motion for reconsideration on either ground.

As to the first argument, Plaintiff asserts that the additional evidence it wishes the Court to consider is the fact that the related state-court cases, which form the basis of Defendants' arguments for dismissal here, remain pending in state court. Specifically, Plaintiff asserts that the state court held a hearing on its pending motion to dismiss in one of the related cases, *Jimmie Hardy v. J.S. Wallace Trucking, Inc.*, Civ. Act. No. 27-cv-2015-900330 (27th Jud. Cir. Ala.), on September 11, 2019, and no further activity has occurred since the trial court took the motion under advisement. Plaintiff also asserts that, on December 11, 2019, the state court consolidated that case with the second related case, *Estate of Samuel Dunkin v. State Farm Casualty Co.*, Civ. Act. No. 27-cv-2019-900110 (27th Jud. Cir. Ala.), in which a motion to dismiss also was pending. Plaintiff asserts that the motions to dismiss remain pending in the consolidated state-court action.

As Defendants assert in their response, the procedural posture noted above does not constitute new evidence. The state-court proceedings highlighted by Plaintiff all had occurred prior to this Court's ruling on the motions to dismiss. Indeed, the parties had made the Court aware of the status of the pending motions to dismiss in the state-court proceedings (*See, e.g.*, Doc. 32) prior to the ruling on the motions to dismiss here and had provided no update to suggest circumstances had changed.[3] The only new information appears to be that the state court consolidated the two cases. However, the consolidation occurred prior to this Court's ruling, and,

---

[2] *Ameritas Variable Life Insurance Co. v. Roach*, 411 F. 3d 1328 (11th Cir. 2005).

[3] Indeed, after the Court's ruling, on March 30, 2020, Plaintiff filed a second notice with the Court indicating it had filed a petition for a writ of mandamus with the Alabama Supreme Court again seeking dismissal of the related state court case. *See* Doc. 40.

in any event, does not alter the Court's analysis in any way. Plaintiff's assertion in the motion for reconsideration appears to be, essentially, that this Court should reconsider its ruling *because* the status of the state-court proceedings has not changed. Again, this is not new evidence. Thus, the motion is due to be denied.

As to its second ground for reconsideration, Plaintiff attempts to relitigate its prior argument that Alabama's abatement statute somehow required this Court to deny dismissal of the action brought here. As the Court stated previously—and as Plaintiff appears to concede in its reconsideration motion—Alabama's abatement statute is not binding on this Court. Plaintiff's apparent attempts to seek dismissal of the consolidated state-court case and the question of whether or not the abatement statute is applicable to that case are matters for the state court. This Court considered the *Ameritas* factors in its prior decision and Plaintiff raises no argument to compel their reconsideration. Plaintiff asserts here no intervening change in controlling law or new evidence, nor does Plaintiff assert any clear error or manifest injustice, but merely seeks to relitigate its prior arguments. Accordingly, the motion for reconsideration is due to be denied on this basis.

## IV. CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's (Doc. 35) Motion for Reconsideration. The Judgment is confirmed.

**DONE** and **ORDERED** this 17th day of August 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE